FILED
2011 AUG 16 PM 2: 39
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____

1  G. Thomas Martin, III (SBN 218456)
   **PRICE LAW GROUP, APC**
2  15760 Ventura Blvd., Suite 1100
   Encino, CA 91436
3  Direct Dial: (818) 907-2030
   Fax: (818) 205-3730
4  tom@plglawfirm.com
   Attorneys for Plaintiff,
5  CHRISTINA H. GABRIEL

6

7             UNITED STATES DISTRICT COURT

8       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9
   CHRISTINA H. GABRIEL          )  Case No. CV11-6735 PJW
10                               )
            Plaintiff,           )  **COMPLAINT AND DEMAND FOR**
11                               )  **JURY TRIAL**
        vs.                      )
12                               )  (Unlawful Debt Collection Practices)
   ALLIANCE FUNDING LLC; DOES    )
13 1 to 10, inclusive,           )  Demand Does Not Exceed $10,000
                                 )
14          Defendants.          )
                                 )
15                               )

16

17                       **COMPLAINT**

18                     **INTRODUCTION**

19      1.    Plaintiff CHRISTINA H. GABRIEL brings this action to secure

20 redress from unlawful credit and collection practices engaged in by Defendant

21 ALLIANCE FUNDING LLC. Plaintiff alleges violations of the Fair Debt

22 Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

23

24

25

VERIFIED COMPLAINT

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by Plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Christina H. Gabriel is an adult individual who resides in Simi Valley, California and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant ALLIANCE FUNDING LLC is a limited liability company with its office in Ft. Lauderdale, Florida.

6. At all relevant times herein, ALLIANCE FUNDING LLC is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a(6).

## FACTS

7. Defendant is attempting to collect from Plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

8. Within the last year, Defendant constantly and continuously called Plaintiff from 954-302-5146 with the intent to annoy and harass her into paying an alleged debt.

9. Defendant failed to identify itself as a debt collector in subsequent communications.

10. Defendant engaged in false and deceptive means in attempting to collect a debt by failing to identify itself as a debt collector in subsequent communications.

## COUNT I – FDCPA

11. Plaintiff incorporates paragraphs 1 - 10.

12. Defendant thereby violated the following provisions of the FDCPA:

    i)   15 U.S.C. §1692d(5);

    ii)  15 U.S.C. §1692d(6);

    iii) 15 U.S.C. §1692e(10);

    iv)  15 U.S.C. §1692e(11).

13. Section 1692d(5) and d(6) state in pertinent part that:

    **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with**

the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

...

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity

14. Sections 1692 e(10) and e(11) state in pertinent part that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

...

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

## COUNT II – RFDCPA

17. Plaintiff incorporates paragraphs 1 - 16.

18. Defendant thereby violated the following provisions of the RFDCPA:

   i)   Cal. Civ. Code § 1788 11(b);

   ii)  Cal. Civ. Code § 1788 11(d);

   iii) Cal. Civ. Code § 1788.11(e);

   iv)  Cal. Civ. Code § 1788.17.

19. Sections 1788.11(b), (d) and (e) state in pertinent part that:

**1788.11. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

**...**

**(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents;**

**...**

**(d)   Causing a telephone to ring repeatedly or continuously to annoy the person called; or**

**...**

**(e)   Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

20. Sections 1788.17 states in pertinent part as follows:

"**1788.17.   Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of

Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED: August 11, 2011        PRICE LAW GROUP APC

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTINA H. GABRIEL, demands trial by jury in this action.